UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL J. LUEBBERS, *Individually and on behalf of all others similarly situated*, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:24 CV 1500 JMB |
| BJC HEALTH SYSTEM, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Paul J. Luebber's Motion to Remand (Doc. 15) and Defendant BJC Health System's Motion for a More Definite Statement as to Count II (Doc. 12). For the reasons set forth below, the Motion to Remand is **DENIED without prejudice**, the alternative Motion for Jurisdictional Discovery is **GRANTED**, and the Motion for a More Definite Statement is **GRANTED**.

## I.    Background

Plaintiff Paul J. Luebbers is a clinical pharmacist employed by Defendant BJC Health System. On September 25, 2024, he filed a class action complaint in Missouri state court alleging claims related to overtime pay. He asserts that Defendant failed to pay overtime wages to its clinical pharmacist employees, from at least September 25, 2022, in violation of Missouri law, MO. REV. STAT. § 290.505. He claims that as an hourly wage employee, he and other clinical pharmacists are entitled to overtime wages for hours worked in excess of 40 hours per week. He seeks to represent a class of person that include:

> All clinical pharmacists employed by BJC who were not compensated at a rate of one- and one-half times their regular rate of pay for hours worked over forty (40) a week at any time from two years prior to the commencement of this lawsuit to the

present or who were not compensated at 1/52 of their annual salary for weeks worked less than forty hours a week at any time from five years prior to the commencement of this lawsuit.

(Doc. 1-1, p. 5). The complaint includes two state law claims: failure to pay overtime wages (Count I) and breach of contract (Count II). Defendant was served on October 9, 2024.

Defendant timely removed this action on November 8, 2024 (Doc. 1) pursuant to 28 U.S.C. § 1332(d) and § 1453, the Class Action Fairness Act of 2005. Defendant asserts that this case is pled as a class action, that diversity of citizenship requirements are met, that the putative class contains more than 100 people, and that the amount in controversy exceeds $5 million. Defendant represents that it is incorporated in Missouri and that its principal place of business is also Missouri. Defendant avers, through human resources manager Jessica Sefton, that 347 of its employees could be members of the putative class as defined by the Complaint (Doc. 1-3, p. 3). Defendant further calculates that Plaintiff has pled at least $6.9 million in damages based on the number of employees affected, the hours of overtime alleged, and the average hourly rate of affected employees (Id.). Finally, Defendant states that at least one class member is not a citizen of Missouri – namely, Perry Buss is a citizen of Illinois (Doc. 1-4, p. 2).

Plaintiff seeks remand arguing that the local controversy and home state exceptions apply, in that more than two-thirds of the proposed class may be Missouri citizens, to divest jurisdiction. In the alternative, Plaintiffs seek to conduct jurisdictional discovery to determine the citizenship of potential class members.

Finally, Defendant seeks a more definite statement as to Count II alleging breach of contract. Defendant argues that Plaintiff has not provided any particulars about an alleged contract and that it is unable to respond to the allegations.

## II.    Motion to Remand or for Jurisdictional Discovery

The Class Action Fairness Act of 2005 expanded this Court's diversity jurisdiction to class action lawsuits of sufficient size, amount in controversy, and which are minimally diverse. 28 U.S.C. § 1332(d). As such, if a lawsuit meets the minimal requirements of at least one plaintiff and defendant of diverse citizenship (as oppose to complete diversity), at least 100 class members, and an amount in controversy in excess of $5 million (as oppose to $75,000), this Court should exercise jurisdiction. Leflar v. Target Corp., 57 F.4th 600, 603 (8th Cir. 2023); 28 U.S.C. 1332(d)(2) and (d)(5). Defendant has provided evidence that meets these minimum jurisdictional requirements. See, e.g., Leflar, 57 F.4th at 605. Plaintiff nonetheless argues that there are two exceptions that would defeat jurisdiction: the local-controversy exception and the home state exception. Plaintiff bears the burden of establishing that these exceptions apply. Kitchin v. Bridgeton Landfill, LLC, 3 F.4th 1089, 1093 (8th Cir. 2021). There is no presumption against jurisdiction in class action lawsuits. Brunts v. Walmart, Inc., 68 F.4th 1091, 1094 (8th Cir. 2023); Bell v. Hershey Co., 557 F.3d 953, 957 (8th Cir. 2009) ("A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of concern that the national economy risked damage from a proliferation of meritless class action suits.").

CAFA contains two mandatory jurisdictional exclusions related to citizenship, the so-called "local controversy exception" and the "home state exception":

**(4)** A district court shall decline to exercise jurisdiction under paragraph (2)—

> **(A)(i)** over a class action in which--
> > **(I)** greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> > **(II)** at least 1 defendant is a defendant--
> > > **(aa)** from whom significant relief is sought by members of the plaintiff class;

(**bb**) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(**cc**) who is a citizen of the State in which the action was originally filed; and

(**III**) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(**ii**) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(**B**) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4); Hood v. Gilster-Mary Lee Corp., 785 F.3d 263, 264-265 (8th Cir. 2015). Both exceptions are narrowly construed. Hargett v. RevClaims, LLC, 854 F.3d 962, 965 (8th Cir. 2017). There is no dispute that Defendant is a Missouri Citizen, that it is the sole Defendant, that any injury occurred in Missouri, and that there have been no other similar lawsuits filed against Defendant. The only question under either exception is whether two-thirds or more of the members of the proposed class are also Missouri citizens. The Complaint does not allege the citizenship of the class of Plaintiffs, the class definition does not limit claims to only Missouri citizens, and there is no evidence as to the citizenship of any potential class member, except Mr. Buss.

Plaintiff ostensibly does not know the answer to this question and has provided no evidence demonstrating that any potential class Plaintiff is a Missouri citizen. Rather, Plaintiff seeks to conduct discovery on the citizenship of the potential Plaintiff class. Defendant objects, arguing that Plaintiff has only offered mere speculation and conclusory allegations supporting discovery and that Plaintiff has not provided any plan for discovery. It is within this Court's discretion to permit jurisdictional discovery. See Pudlowski v. The St. Louis Rams, LLC, 839 F.3d 963, 964-5 (8th Cir. 2016) (per curiam) ("Discovery is not limited to the merits of a case; 'where issues arise

as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'" (quoting <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 n. 13 (1978))).; <u>Johnson v. United States</u>, 534 F.3d 958, 965 (8th Cir. 2008) (considering a Rule 12(b)(1) motion to dismiss). In determining whether to allow such discovery this Court can be guided by Federal Rule of Civil Procedure 56(f): "To request discovery under Rule 56(f), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." <u>Johnson</u>, 534 F.3d at 965 (citations and quotation marks omitted). Finally, the Court need not permit discovery if the reasons for discovery are speculative and conclusory. <u>See</u>, <u>e.g.</u>, <u>Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co., KG</u>, 646 F.3d 589, 598 (8th Cir. 2011).

While it would have been helpful for Plaintiff to offer more than just a vague statement that discovery would inform the Court on whether an exception to CAFA jurisdiction applies, Plaintiff's lack of specificity is not fatal to his request. This Court has an independent obligation to determine its own subject matter jurisdiction. The Plaintiff class includes employees of Defendant, which operates health facilities "in the St. Louis area" (Doc. 101, p. 3). It is reasonable to infer that employees who work in these facilities also live in the St. Louis area and could potentially be Missouri citizens. Discovery is necessary to determine the citizenship of these potential class members. In allowing discovery, the Court is mindful that CAFA sought to expand federal jurisdiction and not mire Defendants in expensive or extensive jurisdictional discovery. Thus, the contemporaneous report of the Senate Judiciary Committee on the interpretation of CAFA indicates:

> [T]he Committee cautions that these jurisdictional determinations should be made largely on the basis of readily available information. Allowing substantial,

burdensome discovery on jurisdictional issues would be contrary to the intent of these provisions to encourage the exercise of federal jurisdiction over class actions.
S. Rep. No. 109-14 at 44.

With this admonition in mind, a hearing to discuss jurisdictional discovery will be set. At the hearing, Plaintiff shall be prepared to discuss what jurisdictional discovery he intends to seek, how long jurisdictional discovery will take, the costs associated with the discovery, and who should bear the costs of such discovery. If the parties can agree on the parameters of discovery prior to the hearing, they may so inform the Court.

Accordingly, the Motion to Remand is **DENIED without prejudice** and Plaintiff's alternative Motion for Jurisdictional Discovery is **GRANTED**.

## III.    Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) permits a party to seek a more definite statement "of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Such motions are disfavored in light of the liberal notice pleading requirements of Rule 8. "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." Tinder v. Lewis Cnty. Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001).

In Count II, Plaintiff alleges that "BJC and the Named Plaintiff and other clinical pharmacists had a contractual relationship under which BJC was obligated to pay the Named Plaintiff and other clinical pharmacists for all hours worked and at additional hourly rates for differential shifts" (Doc. 1-1, pp. 10-11). Plaintiff further alleges that he performed under the contract but that "BJC failed to pay the Named Plaintiff and other clinical pharmacists the promised annual rate for hours worked . . ." (Id. 11). In doing so, Plaintiff alleges that Defendant

breached the contracts. Plaintiff's allegations are certainly short on facts; while he sets forth the basic elements of breach of contract, it is wholly unclear in what manner he alleges the employment contracts was breached. In attempting to set forth how the contracts were breached, Plaintiff states:

> The Named Plaintiff and every other clinical pharmacist's remedies under the MMWL are inadequate in this case to the extent BJC may not have paid its clinical pharmacists 1/52 of their annual salaries during certain weeks, but the clinical pharmacist may not have worked over 40 hours that particular week.

(Doc. 1-1, p. 11). This paragraph does not make sense and is speculative. It is unclear how Plaintiff believes any employment contract was breached. Accordingly, Plaintiff shall be directed to file a more definite statement of Court II.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 15) is **DENIED without prejudice**, Plaintiff's alternative Motion for Jurisdictional Discovery (Doc. 15) is **GRANTED**, and Defendant's Motion for a More Definite Statement as to Count II (Doc. 12) is **GRANTED**. Plaintiff shall file a more definite statement as to Count II by **March 7, 2025**. This matter is hereby **SET** for a hearing to discuss jurisdictional discovery on **Thursday March 6, 2025 at 1:00 p.m.** in Courtroom 15S of the Thomas F. Eagleton U.S. Courthouse.

_/s/ John M. Bodenhausen_
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of February, 2025