UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL J. LUEBBERS, *Individually and on behalf of all others similarly situated*,<br><br>      Plaintiff,<br><br>  vs.<br><br>BJC HEALTH SYSTEM,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 4:24 CV 1500 JMB<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant BJC Health System's Second Motion for a More Definite Statement (Doc. 28) and Plaintiff Paul J. Luebber's Second Motion to Remand (Doc. 39). Defendant's Motion is **DENIED** and Plaintiff's Motion is **DENIED without prejudice**.

**I.  Background**

Plaintiff Paul J. Luebbers is a clinical pharmacist employed by Defendant BJC Health System. On September 25, 2024, he filed a class action complaint in Missouri state court alleging claims related to overtime pay. He asserts that Defendant failed to pay overtime wages to its clinical pharmacist employees, from at least September 25, 2022, in violation of Missouri law, Mo. Rev. Stat. § 290.505. He claims that as hourly wage employees, he and other clinical pharmacists are entitled to overtime wages for hours worked in excess of 40 hours per week. He seeks to represent a class of person that include:

> All clinical pharmacists employed by BJC who were not compensated at a rate of one- and one-half times their regular rate of pay for hours worked over forty (40) a week at any time from two years prior to the commencement of this lawsuit to the present or who were not compensated at 1/52 of their annual salary for weeks

>worked less than forty hours a week at any time from five years prior to the commencement of this lawsuit.

(Doc. 1-1, p. 5).  The complaint includes two state law claims: failure to pay overtime wages (Count I) and an alternative breach of contract claim (Count II).  Defendant was served on October 9, 2024.

Defendant timely removed this action on November 8, 2024 (Doc. 1) pursuant to 28 U.S.C. § 1332(d) and § 1453, the Class Action Fairness Act of 2005 (CAFA).  Defendant asserts that this case is pled as a class action, that diversity of citizenship requirements are met, that the putative class contains more than 100 people, and that the amount in controversy exceeds $5 million.  Defendant represents that it is incorporated in Missouri and that its principal place of business is also Missouri.  Defendant avers, through human resources manager Jessica Sefton, that 347 of its employees could be members of the putative class as defined by the Complaint (Doc. 1-3, p. 3).  Defendant further calculates that Plaintiff has pled at least $6.9 million in damages based on the number of employees affected, the hours of overtime alleged, and the average hourly rate of affected employees (Id.).  Finally, Defendant states that at least one class member is not a citizen of Missouri – namely, Perry Buss is a citizen of Illinois (Doc. 1-4, p. 2).  Accordingly, at the time of removal, there appeared to be subject matter jurisdiction under CAFA.

Plaintiff originally sought remand arguing that the local controversy and home state exceptions to CAFA apply, in that more than two-thirds of the proposed class may be Missouri citizens, to divest jurisdiction.  On February 21, 2025 (Doc. 21), this Court found that Plaintiff may conduct jurisdictional discovery and set forth parameters in a March 6, 2025 Order after a hearing (Doc. 23).  After a variety of delays, that discovery was completed on July 18, 2025 and Plaintiff's second motion to remand was filed three weeks later on August 5, 2025.  In this second motion, Plaintiff again reiterates that the exceptions apply to CAFA jurisdiction.  Attached to the

motion is a spreadsheet (Doc. 39-2) that shows the last known addresses of 140 current and former potential class members. Of that amount, 111 have (or had) Missouri addresses. Plaintiff argues that by extension, these residents (or potentially former residents) of Missouri are citizens of Missouri for jurisdictional purposes. In the alternative, Plaintiff seeks to amend his complaint by interlineation to redefine the proposed class to:

> All clinical pharmacists who were Missouri residents employed by BJC who were not compensated at a rate of one- and one-half times their regular rate of pay for hours worked over forty (40) a week at any time from two years prior to the commencement of this lawsuit to the present or who were not compensated at 1/52 of their annual salary for weeks worked less than forty hours a week at any time from five years prior to the commencement of this lawsuit.

(Doc. 39, p. 4). A hearing was held on the motion on August 19, 2025 in which the parties appeared by counsel. Plaintiff acknowledged that his proposed amendment would not meet the exceptions to CAFA. Plaintiff further acknowledged that there is insufficient information for definitely determine the citizenship of the potential class.

On February 21, 2025, Plaintiff was directed to file a more definite statement as to Count II because the allegations lacked clarity in how Plaintiff believes any employment contract was breached. In response, Plaintiff filed a more definite statement and added one paragraph: "BJC failed to pay the promised annual rate for many weeks worked by the Named Plaintiff and other clinical pharmacists" (Doc. 24, p. 2). Defendant now seeks further clarification. Plaintiff argues that pursuant to notice pleading, he has sufficiently alleged a breach of contract claim.

**II.     Second Motion to Remand**

As set forth in this Court's pervious Order, there is no presumption against jurisdiction in class action lawsuits. Brunts v. Walmart, Inc., 68 F.4th 1091, 1094 (8th Cir. 2023); Bell v. Hershey Co., 557 F.3d 953, 957 (8th Cir. 2009) ("A primary purpose in enacting CAFA was to open the federal courts to corporate defendants out of concern that the national economy risked damage

from a proliferation of meritless class action suits."). Plaintiff bears the burden of establishing that exceptions to CAFA apply. Kitchin v. Bridgeton Landfill, LLC, 3 F.4th 1089, 1093 (8th Cir. 2021). Both exceptions are narrowly construed. Hargett v. RevClaims, LLC, 854 F.3d 962, 965 (8th Cir. 2017). The only question under either exception is whether two-thirds or more of the members of the proposed class are also Missouri citizens. The Complaint does not set forth the citizenship of the Plaintiff class. The spreadsheet of where current and former potential class members resides does not inform the Court of the citizenship of these persons at the time of removal. And, Plaintiff's attempt to amend the Complaint to modify the class parameters is fatally flawed because he only alleges residency, not citizenship. See Id. None the arguments advanced by Plaintiff meet his burden of demonstrating that this Court does not have jurisdiction.

At the hearing on this motion, Plaintiff was permitted to file a renewed motion for additional discovery in order to determine the citizenship of the parties by September 9, 2025. In doing so, Plaintiff shall specifically indicate what additional discovery is required, how he plans to go about acquiring the discovery, and case authority supporting his position. Plaintiff is cautioned to keep in mind the admonition that jurisdictional discovery should not be a form of second litigation and should not be overly burdensome.

### III.    Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) permits a party to seek a more definite statement "of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Such motions are disfavored in light of the liberal notice pleading requirements of Rule 8. "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." Tinder v. Lewis Cnty. Nursing Home Dist., 207

F. Supp. 2d 951, 959 (E.D. Mo. 2001). Defendant is correct in noting that notice pleading may no longer be sufficient in light of the Supreme Court's rulings in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Setting forth the "mere possibility of misconduct" is insufficient to show an entitlement to relief. Cole v. Homier Distributing Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Iqbal, 556 U.S. at 679). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-679. Of course, Defendant's motion is not one to dismiss.

In Count II, Plaintiff alleges that "BJC and the Named Plaintiff and other clinical pharmacists had a contractual relationship under which BJC was obligated to pay the Named Plaintiff and other clinical pharmacists for all hours worked and at additional hourly rates for differential shifts" (Doc. 24, ¶ 40). Plaintiff further alleges that he performed under the contract but that "BJC failed to pay the Named Plaintiff and other clinical pharmacists the promised annual rate for hours worked . . ." (Id. ¶¶ 42, 43). In the newly inserted paragraph, Plaintiff alleges that "BJC failed to pay the promised annual rate for many weeks worked" by Plaintiff (Id. ¶ 44). In doing so, Plaintiff alleges that Defendant breached the contracts (Id. ¶ 45). Again, Plaintiff's allegations are short on facts (there is no information on when the contracts were formed, the nature and terms of the contracts, the actual terms of compensation, or any dates of alleged nonpayment, to name a few). Nonetheless, Plaintiff appears to be alleging that Defendant was contractually obligated to pay 1/52nd of an annual salary every week regardless of the number of hours worked during that week, and that Defendant failed to make those payments for several weeks out of the year.[1] The paragraph highlighted by this Court in the previous Order, paragraph 46, now appears to merely be an indication that Count II is pled in the alternative to Count I.

---

[1] In Defendant's answer to the complaint, it generally denies these averments.

In order to move these proceedings along, Plaintiff is directed to file an amended complaint with the allegations set forth in Document 24 within 7 days of the date of this Order. Defendant shall respond consistent with Rule 12.

## IV.     Conclusion

For the foregoing reasons, Defendant's Second Motion for a More Definite Statement (Doc. 28) is **DENIED** and Plaintiff's Second Motion to Remand (Doc. 39) is **DENIED without prejudice**.

Plaintiff shall file an amended complaint within 7 days of the date of this order as set forth above.

Plaintiff may file a renewed motion for discovery by September 9, 2025. Defendant may respond within 14 days of the filing of Plaintiff's motion.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of August, 2025