IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL J. LUEBBERS, Individually and on behalf Of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BJC HEALTH SYSTEM, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:24-CV-01500-JMB |

## FIRST AMENDED CLASS ACTION COMPLAINT

1. This is a class action by Individual and Representative Plaintiff Paul J. Luebbers, on his own behalf and on behalf of the members of the proposed classes identified below. The Named Plaintiff and the putative class members, during the five-year period preceding this lawsuit, performed the primary duty of clinical pharmacist for BJC's patients. The Named Plaintiff and the putative class members were denied overtime wages under an illegal pay policy whereby they were commonly misclassified as exempt from overtime wages under state law. Under this policy, employees were not paid at one- and one-half times their regular rate for hours worked over 40 per week, despite regularly being scheduled to work 70-hour weeks. The Named Plaintiff and the putative class members were also denied 1/52 of their promised annual salaries during weeks in which they did not work 40 hours. The Named Plaintiff and putative class members are similarly situated under Missouri Rule 52.08 as they suffered identical wage losses under this illegal policy.

## PARTIES, JURISDICTION AND VENUE

2. This action alleges that defendant BJC Health System d/b/a BJC Healthcare ("BJC") unlawfully failed to pay overtime wages to Plaintiff and putative class members, in

violation of Mo. Rev. Stat. § 290.505 (the "Missouri Minimum Wage Law" or "MMWL"). This action further alleges that BJC failed to pay its employees at the rate it promised for weeks in which clinical pharmacists worked less than 40 hours.

3. Plaintiff Paul J. Luebbers is an adult resident of St. Charles County, Missouri. Plaintiff was, within the two years preceding the filing of this lawsuit, employed as a clinical pharmacist for BJC.

4. Defendant BJC Health System is a domestic corporation. Its principal office is at 4901 Forest Park Avenue, Suite 1200, St. Louis, Missouri 63108. BJC's registered agent for service of process in Missouri is CSC – Lawyers Incorporating Service Company, located at 221 Bolivar Street, in Jefferson City, Missouri.

5. Venue is proper in the Circuit Court of the City of St. Louis, Missouri pursuant to Mo. Rev. Stat. § 508.010 as Defendant withheld wages from the Named Plaintiff and members of the proposed class for their work at Defendant's business in the City of St. Louis, Missouri.

## FACTUAL ALLEGATIONS

6. BJC is a healthcare provider that includes nationally recognized academic hospitals as well as multiple hospice, occupational health and behavioral health facilities in the St. Louis area.

7. BJC is an "employer" within the meaning of Mo. Rev. Stat. § 290.500(4).

8. Throughout the two-year period preceding the filing of this petition, the Named Plaintiff and putative class members are or were employed by BJC as clinical pharmacists.

9. A clinical pharmacist at BJC typically has an advanced degree and is licensed to practice.

10. A clinical pharmacist at BJC is treated as and in fact paid an hourly rate and not on a salary basis.

11. At all relevant times, clinical pharmacists received bi-weekly paystubs from BJC purporting to show their hourly rates of pay for regular hours in addition to differential rates of pay for additional day, evening or night shifts.

12. BJC promulgated a formal policy of paying its clinical pharmacists for all hours worked, as evidenced by BJC paying them an hourly rate of pay, furnishing them paystubs showing their hourly rates, and instructing them to use BJC's timekeeping system in order to be paid or not paid for any time.

13. The differential hourly rate of pay for night shifts for clinical pharmacists is $75.00/hour. At all relevant times, the additional rate BJC promised to pay for differential night shifts was less than one and one-half times the rate BJC paid clinical pharmacists for like work performed in non-overtime hours.

14. The differential hourly rate of pay for evening shifts for clinical pharmacists is $60.00/hour. At all relevant times, the additional rate BJC promised to pay for differential evening shifts was less than one and one-half times the rate BJC paid clinical pharmacists for like work performed in non-overtime hours.

15. The differential hourly rate of pay for day shifts for clinical pharmacists $55.00/hour. At all relevant times, the additional rate BJC promised to pay for differential day shifts was less than one and one-half times the rate BJC paid clinical pharmacists for like work performed in non-overtime hours.

16. During the two-year period preceding the filing of this petition, the Named Plaintiff and the putative class members were classified by Defendant as exempt from overtime wages.

17. During the two-year period preceding the filing of this petition, the Named Plaintiff and the putative class members were not paid an overtime premium for hours worked in excess of forty hours per week.

18. Throughout the two-year period preceding the filing of this petition, the job duties performed by the Named Plaintiff and the putative class members were those of exempt employees.

19. The Named Plaintiff and putative class members provide inpatient and outpatient care; assess and monitor medication use, preparation and dispensing; prevent and resolve medication-related issues; supervise support staff; and direct the storage, distribution and disposal of medications.

20. The Named Plaintiff brings this action on behalf of himself and on behalf of all similarly situated employees, pursuant to Missouri Rule 52.08. The Missouri Wage Class is defined as:

> All clinical pharmacists employed by BJC who were not compensated at a rate of one- and one-half times their regular rate of pay for hours worked over forty (40) a week at any time from two years prior to the commencement of this lawsuit to the present or who were not compensated at 1/52 of their annual salary for weeks worked less than forty hours a week at any time from five years prior to the commencement of this lawsuit.

## CLASS ALLEGATIONS

21. The Named Plaintiff brings claims for relief on his own behalf and on behalf of the Missouri Wage Class, as defined in paragraph 20, *supra*, pursuant to Missouri Rule 52.08(a) and (b).

22. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of persons is unknown, upon information

and belief, Defendant has employed hundreds of people who satisfy the definition of the class. The precise number should be readily available from a review of BJC's personnel and payroll records.

23. There are questions of law and fact common to the Missouri Wage Class that predominate over any questions solely affecting individual members of the class, including but not limited to:

   a. Whether BJC maintained a common practice of unlawfully failing to pay overtime compensation to the Named Plaintiff and members of the putative class in violation of and within the meaning of Mo. Rev. Stat. § 290.505;

   b. Whether the Named Plaintiff and members of the putative class performed work for BJC in excess of forty hours per work week;

   c. Whether the Named Plaintiff and members of the putative class are exempt from overtime compensation under Missouri law;

   d. The nature and amount of compensable work performed by the Named Plaintiff and members of the putative class;

   e. Whether BJC employed the Named Plaintiff and members of the putative class within the meaning of Missouri law;

   f. The proper measure of damages sustained by the Named Plaintiff and members of the putative class;

   g. Whether BJC maintained a common practice of deducting from its clinical pharmacists' compensation for absences occasioned by BJC or by the operating requirements of its business;

   h. Whether BJC maintained a common practice of occasioning or its business's operating requirements requiring its clinical pharmacists to take leave at certain times resulting in a pay reduction;

   i. Whether BJC maintained a common practice of making deductions from its clinical pharmacists' accrued leave accounts even when the leave bank was exhausted or insufficient resulting in pay reduction;

   j. Whether BJC maintained a common practice of making reductions to its clinical pharmacists' pay because of variations in the quantity of work performed;

   k. Whether BJC changed its clinical pharmacists' pay so often that they were essentially paid an hourly wage, such that they are non-exempt employees; and

   l.   Whether BJC is contractually obligated to pay its clinical pharmacists their annual salaries as listed on their paystubs.

24.   The Named Plaintiff's claims are typical of those of the Missouri Wage Class. The Named Plaintiff, like other members of the Missouri Wage Class, was subjected to BJC's illegal pay policy of refusing to pay overtime wages in violation of Missouri law. The Named Plaintiff and members of the class were the subject of similar representations regarding "salary" and "exempt" status. The Named Plaintiff and members of the class suffered the same type of damages – loss of money.

25.   The Named Plaintiff will fairly and adequately protect the interests of the Missouri Wage Class and has retained counsel experienced in class action and complex litigation. The Named Plaintiff has no interests which are adverse to or in conflict with other members of the class.

26.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs with relatively small claims lack the financial resources to vigorously prosecute separate lawsuits against a large and wealthy corporate defendant.

27.   Class certification of Plaintiff's claims is appropriate under Rule 52.08(b)(3) because questions of law and fact common to the Missouri Wage Class predominate over any questions affecting only individual members of these classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied this class the wages for work performed to which they are entitled. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecution of this litigation. The core facts of the claim

are common to the Named Plaintiff and all class members, and the Named Plaintiff and all class members will be pursuing the same legal theories based upon these core facts. More generally, the factual and legal issues concerning the scope and effect of BJC's conduct alleged herein are:

    a.    Central to the claims of the Named Plaintiff and all class members;

    b.    Substantially identical with respect to the burden of demonstrating liability; and

    c.    Consist of the most important and fundamental issues to be determined at trial.

28. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Numerous, repetitive individual actions would also place an enormous burden on the Missouri courts as they are forced to review duplicative evidence and repeatedly decide over the same issues relating to BJC's conduct.

29. There are no unusual difficulties likely to be encountered in the management of this case as a class action and the Named Plaintiff and his counsel are not aware of any reason why this case should not proceed as a class action under the state common law and statutory claims.

30. The Named Plaintiff intends to send notice to all members of the Missouri Wage Class to the extent required by Rule 52.08

## COUNT I – FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF MISSOURI LAW

31. The Named Plaintiff, individually and on behalf of the Missouri Wage Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

32. The foregoing conduct as alleged, violates Mo. Rev. Stat. § 290.505.

33. At all relevant times, BJC has been and continues to be an "employer" within meaning of Mo. Rev. Stat. § 290.500(4).

34. At all relevant times, the Named Plaintiff and the putative Missouri Wage Class members were BJC employees within the meaning of Mo. Rev. Stat. § 290.500(3).

35. Mo. Rev. Stat. § 290.505 requires an employer to pay overtime compensation to all non-exempt employees.

36. The Named Plaintiff and members of the Missouri Wage Class are not and were not exempt from overtime pay requirements under Missouri law.

37. During the applicable statute of limitations, BJC had a policy and practice of failing and refusing to pay overtime wages to the Named Plaintiff and members of the putative Missouri Wage Class for their hours worked in excess of forty (40) hours per work week.

38. As a result of BJC's willful failure to pay overtime wages earned and due to the Named Plaintiff and members of the putative Missouri Wage Class, BJC has violated and continues to violate Mo. Rev. Stat. § 290.500.

WHEREFORE, the Named Plaintiff, on his behalf and on behalf of all members of the Missouri Wage Class, requests the following relief:

A. An order certifying this action as a class action on behalf of the proposed Missouri Wage Class pursuant to Missouri Rule 52.08;

B.  An order designating Paul J. Luebbers as Named Plaintiff and as representative of the Missouri Wage Class set forth herein;

C.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

D.  An order finding that defendant BJC violated the MMWL;

E.  An order finding that these violations were willful;

F.  Judgment against BJC in the amount equal to the Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rate;

G.  An award in the amount of all liquidated damages and penalties as provided under Mo. Rev. Stat. § 290.527;

H.  An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims pursuant to Mo. Rev. Stat. § 290.527; and

I.  Such other and further relief as the Court may deem just and proper.

## COUNT II – BREACH OF CONTRACT

39. The Named Plaintiff, individually and on behalf of the Missouri Wage Class, re-alleges and incorporates by reference the allegations in the preceding paragraphs.

40. At all times relevant to this action, BJC and the Named Plaintiff and other clinical pharmacists had a contractual relationship under which BJC was obligated to pay the Named Plaintiff and other clinical pharmacists for all hours worked and at additional hourly rates for differential shifts.

41. Each class member's annual salary is identified in paystubs and other records that BJC prepares as part of its regular business activities.

42. The Named Plaintiff and every other clinical pharmacist performed under the contract by working shifts, including differential shifts.

43. In many weeks, BJC failed to pay the Named Plaintiff and other clinical pharmacists the promised annual rate for hours worked by the Named Plaintiff and other clinical pharmacists.

44. BJC failed to pay the promised annual rate for many weeks worked by the Named Plaintiff and other clinical pharmacists.

45. By not paying the Named Plaintiff and every other clinical pharmacist the agreed upon annual wage, BJC systematically breached its contracts with the Named Plaintiff and each clinical pharmacist.

46. The Named Plaintiff and every other clinical pharmacist's remedies under the MMWL are inadequate in this case to the extent BJC may not have paid its clinical pharmacists 1/52 of their annual salaries during certain weeks, but the clinical pharmacist may not have worked over 40 hours that particular week.

47. As a direct and proximate result of BJC's breaches of the contracts alleged herein, the Named Plaintiff and every other member of the class has been damaged in an amount to be determined at trial.

48. Under Missouri law, the statute of limitations for bringing claims for breach of contract is five years. See Mo. Rev. Stat. § 516.120.

49. These claims are appropriate for class certification under Rule 52.08 because the law of contracts is substantially the same throughout the State of Missouri.

WHEREFORE, the Named Plaintiff, on his behalf and on behalf of all members of the Missouri Wage Class, requests the following relief:

A. An order certifying this action as a class action on behalf of the proposed Missouri Wage Class pursuant to Missouri Rule 52.08;

B. An order designating Paul J. Luebbers as Named Plaintiff and as representative of the Missouri Wage Class set forth herein;

C. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

D. An order finding that defendant BJC violated the MMWL;

E. An order finding that these violations were willful;

F. Declaring BJC breached its contracts with the Named Plaintiff and members of the Missouri Wage Class by failing to pay them 1/52 of their annual salary rates for each week that they worked less than 40 hours per week;

G. Judgment against BJC in the amount equal to the Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rate;

H. An award in the amount of all liquidated damages and penalties as provided under Mo. Rev. Stat. § 290.527;

I. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims pursuant to Mo. Rev. Stat. § 290.527; and

J. Such other and further relief as the Court may deem just and proper.

**Plaintiff demands a trial by jury on all issues.**

            Respectfully submitted,

            THE DEFEO LAW FIRM

By:   <u>/s/ Erika V. Dopuch</u>
       Daniel T. DeFeo #35161
       Erika V. Dopuch, #70031
       4435 Main Street, Suite 720

        Kansas City, MO 64111
        Telephone: (816) 581-4600
        Facsimile: (816) 581-4646
        ddefeo@defeolaw.com
        edopuch@defeolaw.com

And

ENGELMEYER & PEZZANI, LLC
Timothy A. Engelmeyer, #39941
13321 North Outer Forty Road, Suite 300
Chesterfield, MO 63017
Telephone : (636) 532-9933
Facsimile: (314) 863-7793
tim@epfirm.com

*Attorneys for Plaintiff*