**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**ST. LOUIS DIVISION**

| | | |
|---|---|---|
| **PAUL J. LUEBBERS, Individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | **Case No. 4:24-cv-01500-JMB** |
| **BJC HEALTH SYSTEM,** | ) ) ) | |
| **Defendant.** | ) | |

## AMENDED LIMITED PROTECTIVE ORDER

Plaintiff Paul J. Luebbers and Defendant BJC Health System, seek to prevent the unauthorized disclosure and use of confidential, sensitive, or proprietary information or documents produced in the above captioned-action during the course of jurisdictional discovery. Specifically, the parties anticipate production of the following categories of protected information: Plaintiffs' and putative class members contact information (limited to: names, addresses, and personal email addresses) (BJC domain email addresses will not be provided) and employment status.

Now, therefore, it is stipulated and agreed as follows:

1.      Any party to this litigation may designate any document it produces during the course of jurisdictional discovery in the above-captioned action it reasonably believes to be confidential and as "Confidential Material" or a similar confidential designation subject to the provisions of this Stipulated Amended Limited Protective Order. For the documents to be afforded the protections set forth in this Stipulated Amended Limited Protective Order, it shall be necessary for the designating party to stamp, designate, or otherwise describe specific documents as Confidential Material.

2.      All Confidential Material shall only be used by the parties hereto, other than the party or parties by whom production of the particular material is first made, for the purposes of jurisdictional discovery conducted in connection with the above-captioned action. Confidential Material, or any portion or recitation thereof, shall not be given, or communicated, to anyone, except the following persons:

   a. The parties, including their agents and employees who are assisting or have reason to know of this action, so long as each such agent or employee has signed the acknowledgment to be bound by these terms as attached hereto as <u>Exhibit A</u>;

   b. Outside experts or consultants retained by counsel for purposes of this action, provided they have signed the acknowledgement to be bound by the terms as attached hereto as <u>Exhibit A</u>;

   c. The parties' counsel, and counsel's staff, including but not limited to paralegal and any necessary clerical staff;

   d. The Court;

   e. Any deponent may be shown, or examined about, any information, document, or thing designated as Confidential if it appears the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document, or thing, or if the producing party consents to such disclosure;

   f. Other persons, as designated by the Court, or as agreed in writing by the parties hereto.

3.　　Any persons entitled to receive Confidential Material by virtue of Paragraph 2 shall first be advised of the existence and content of this Stipulated Amended Limited Protective Order and shall agree to be bound by the provisions thereof.

4.　　Subject to this Stipulated Amended Limited Protective Order, any retained expert, consultant, or Plaintiff's counsel (if applicable), who initiates contact with a potential putative class member is limited to one email plus two follow-up emails within the time period of one month.　The email(s) must be approved by all parties and must be answered in writing.　In fashioning the initial email and potential follow up emails, if necessary, counsel shall be mindful that some information about this lawsuit should be communicated including, but not limited to, a brief recitation of the allegations and an explanation of why information about citizenship is necessary, all in plain English.　No additional emails or other forms of communication to the same individual shall be permitted absent the individual's express request for further contact. Communications must be necessary to the inquiry of citizenship, must be made at reasonable times, and must not be intimidating, coercive, or harassing. Communications may not seek any information other than facts relevant to citizenship.　Questions about pay practices or any other issues pertaining to employment are strictly prohibited.　If the individual indicates a desire to not communicate further, all contact must cease immediately.　If the individuals seek additional information or ask questions unrelated to those facts relevant to citizenship, subsequent communication to that individual must be by agreement of the parties.　In the event of a disagreement between the parties as to the language of communication or any other matter related to this Amended Limited Protective Order, the parties shall contact chambers for a conference.

5.　　Except as provided herein, this Stipulated Amended Limited Protective Order shall remain in effect until jurisdictional discovery has been concluded by way of judgment, or

otherwise, including the exhaustion of any and all appeals. No person, including the parties hereto, having received Confidential Material shall distribute or communicate that Confidential Material to anyone after the jurisdictional discovery dispute has been concluded. Nothing in this Stipulated Amended Limited Protective Order shall prohibit any party or parties who first produce Confidential Material from using or distributing that Confidential Material in other business matters unrelated to this litigation.

6.      If any party disputes the confidentiality of what has been designated Confidential Material, the disputing party shall state that objection and include a basis for the objection, by letter to the designating party. The parties agree to confer by telephone or in person in an effort to resolve the disputing party's objection. If the parties are unable to resolve the disputing party's objection, the producing party must file a motion, within a reasonable time, to raise the issue with the Court. Upon any such motion, the burden shall be on the designating party to show why its designation is proper. Until the Court rules on such a dispute, the disputed material shall continue to be treated as Confidential Material.

7.      No party shall be obligated to challenge the propriety or status of any document as Confidential Material and a failure to make such a challenge shall not preclude a subsequent challenge to that status by any party.

8.      Nothing in this Stipulated Amended Limited Protective Order shall bar, or otherwise restrict, any attorney from rendering advice to his client in this matter and, in the course thereof, from generally referring to, or relying on, her or his examination of Confidential Material.

9.      Neither the provisions of this Stipulated Amended Limited Protective Order, nor any disclosure by any party pursuant hereto, shall constitute a waiver of any attorney-client, work product, or joint defense/common interest privilege, including the protections afforded by any

applicable Rules of Civil Procedure or by common law. The terms and provisions of this Stipulated Amended Limited Protective Order shall not be deemed, or interpreted, to require the disclosure or production by any party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery. If any party or person inadvertently, or unintentionally, produces, or discloses, any document or information protected by the attorney-client privilege, joint defense/common interest privilege, or any work product doctrine, including, but not limited to, the protections afforded by any applicable Rules of Civil Procedure, or by common law, the party or person who receives such document or information shall, upon written request by the party or person who produced such document or information, immediately return it, and all copies of it, whether in hard copy or electronic format,  to the party or person who produced, or disclosed, such document or information.

10.    Any party may seek a modification or termination of this Stipulated Amended Limited Protective Order by first attempting to obtain the consent of the other party to the proposed modification and, absent concurrence, upon application to the Court.

11.    This Stipulated Amended Limited Protective Order shall not, and does not, constitute authority or authorization for any person not a party hereto to insist on access to, or inspection of, any information or documents to which that person would not, in the absence of the entry of this Stipulated Amended Limited Protective Order, be otherwise entitled under law.

12.    At the conclusion of this jurisdictional discovery dispute, all parties must either destroy, or return, to the producing party all Confidential Material in their possession, or in the possession of their authorized agents, including any copies thereof, whether in electronic or hard copy format. Provided, however, counsel for any party herein shall not be required to destroy any

portion of a client file prior to the expiration of the six-year retention period set forth in Missouri Rule 4-1.22 unless the client grants informed consent, confirmed in writing; the items to be destroyed are not of intrinsic value; and none of the conditions in paragraphs (a) through (d) of rule 4-1.22 exist.

13.     This Court shall have jurisdiction over the parties hereto with respect to any dispute about the enforcement, or interpretation, of this Stipulated Amended Limited Protective Order, as well as the use of the Stipulated Amended Limited Protective Order.

14.     The recipients shall act to minimize the number of persons to whom such Confidential Material is disclosed. The parties agree to cooperate fully, and in good faith, with each other in attempting to resolve any disputes that may arise as to the terms and effect of this Stipulated Amended Limited Protective Order so that recourse of the Court may be kept at a minimum.

15.     This Order shall survive the termination of this action and shall continue in full force and effect unless waived by the written consent of the producer or modified by an Order of this Court.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of January, 2026.

**EXHIBIT A**

**UNDERTAKING**

The undersigned has read the annexed Limited Amended Protective Order, understands its contents, and hereby undertakes to make no disclosures of any Confidential Material, as that term is defined in the annexed Limited Amended Protective Order, to any person who is not permitted to have access to such Confidential Material by the Limited Amended Protective Order. In addition, the undersigned agrees not to use such Confidential Material for any purpose whatsoever other than in connection with this action. The undersigned agrees to either destroy or return all Confidential Material supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcriptions made therefrom, to the party producing the Confidential Material, within thirty (30) days of the conclusion of this jurisdictional discovery dispute and any appeals thereof provided, however, that counsel for any party herein shall not be required to destroy any portion of a client file prior to the expiration of the six-year retention period set forth in Missouri Rule 4-1.22 unless the client grants informed consent, confirmed in writing; the items to be destroyed are not of intrinsic value; and none of the conditions in paragraphs (a) through (d) of Rule 4-1.22 exist. The undersigned understands that a violation of this undertaking is punishable as contempt of court.

DATE: _____     NAME: _____
                                                            (print or type)


                                               SIGNATURE: _____

Page **7** of **7**